IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYATT FRANCHISING, L.L.C.,<br><br>        Petitioner,<br><br>v.<br><br>SHEN ZHEN NEW WORLD I, LLC, and<br>SHEN ZHEN NEW WORLD INVESTMENT<br>(USA) INC.,<br><br>        Respondents. | 1:16-cv-8306 |

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner, Hyatt Franchising, L.L.C. ("Hyatt"), by its attorneys, and pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, respectfully requests that this Court confirm and enter judgment on an arbitration award. In support of its Petition, Hyatt states as follows:

**Nature Of The Action**

1. This is an action brought pursuant to § 9 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to confirm an arbitration award. The arbitration proceedings between Hyatt and Respondents Shen Zhen New World I, LLC and Shen Zhen New World Investment (USA) Inc. (collectively "Respondents") were conducted under the auspices of the American Arbitration Association in Chicago, Illinois, pursuant to a written arbitration agreement dated September 24, 2012. On August 24, 2016, Arbitrator Gerald Saltarelli, Esq. issued a Final Award. By this action, Hyatt seeks confirmation of the Arbitrator's Final Award and entry of judgment thereon.

**The Parties, Jurisdiction and Venue**

2.   Hyatt is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.  Hyatt and its Affiliates are engaged in the business of operating, and granting franchises to qualified persons to establish and operate, hotels principally identified by the name "Hyatt Regency®" or the name "Hyatt®".  Hyatt Hotels Corporation is the sole member of Hyatt.  Hyatt Hotels Corporation is a Delaware corporation with its principal place of business in Chicago, Illinois.

3.   Respondent Shen Zhen New World I, LLC ("Shen Zhen") is a California limited liability company with its principal place of business in California.  Shen Zhen is a former franchisee of Hyatt.  On information and belief, Shen Zhen New World Investment (USA) Inc. is the sole member of Shen Zhen.

4.   Respondent Shen Zhen New World Investment (USA) Inc. ("Shen Zhen Investment") is a California corporation with its principal place of business in California.  Shen Zhen Investment is the guarantor of Shen Zhen's obligations under the Franchise Agreement it entered into with Hyatt.

5.   This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.   Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, which provides that an application to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made."  In addition, venue is proper under the terms of

the parties' Franchise Agreement, under which Hyatt and Respondents agreed that all actions arising under the Franchise Agreement or otherwise as a result of the relationship between the parties had to be commenced "in the state or federal court of general jurisdiction closest to Hyatt's then current principal business address."

## Background

7.     On or about September 24, 2012, Hyatt entered into a written Hyatt Hotel Franchise Agreement (the "Franchise Agreement") with Shen Zhen pursuant to which Hyatt granted Shen Zhen a franchise to convert and operate the hotel located at 333 South Figueroa Street, in Los Angeles, California (the "Hotel") as a Hyatt Regency®. (A true and correct copy of the Franchise Agreement is annexed hereto as Exhibit A and incorporated herein by reference.)

8.     At the same time, Shen Zhen Investment executed a Guaranty and Assumption of Obligations (the "Guaranty") under which it agreed, among other things, to be personally liable for the breach of, and personally bound by, each and every provision in the Franchise Agreement including, without limitation, the arbitration agreement. (A true and correct copy of the Guaranty is annexed hereto as Exhibit B and incorporated herein by reference.)

9.     Paragraph 14.1 of the Franchise Agreement provides, in pertinent part, that:

All controversies, disputes, or claims between Hyatt (and/or its Affiliates and its and their respective owners, officers, directors, agents, and/or employees), on the one hand, and Franchisee (and/or its Affiliates and Guarantors and its and their respective owners, officers, directors, agents and/or employees), on the other hand, arising out of or related to:

(a)     this Agreement or any other agreement between Franchisee and Hyatt or any of its Affiliates;

(b)     Hyatt's (or any of its Affiliates') relationship with Franchisee;

(c)     the scope or validity of this Agreement or any other agreement between Franchisee and Hyatt or any of its Affiliates, or any provision of any of those

agreements (including the validity and scope of the arbitration obligation under this Section 14.1, which Hyatt and Franchisee acknowledge is to be determined by an arbitrator, not a court); or

(d)     any aspect of the Hotel System or any System Standard

must be submitted for binding arbitration to the American Arbitration Association (the 'AAA'). The arbitration proceedings will be conducted by one (1) arbitrator and, except as this Section 14.1 otherwise provides, according to the AAA's then current commercial arbitration rules. … All proceedings will be conducted at a suitable location chosen by the arbitrator that is within ten (10) miles of Hyatt's then current principal business address. All matters relating to arbitration will be governed by the Federal Arbitration Act (9 U.S.C. Sections 1 et seq.) and not by any state arbitration law.

\* \* \*

The award of the arbitrator shall be conclusive and binding upon all parties hereto and judgment upon the award may be entered in any court of competent jurisdiction.

### The Arbitration Proceeding and Award

10.     On or about December 23, 2014, Hyatt filed a Demand for Arbitration against Respondents with the Chicago, Illinois office of the American Arbitration Association.

11.     On or about March 6, 2015, Respondents filed their Answer and Counter-Demand to Hyatt's Demand for Arbitration.

12.     Pursuant to the Commercial Arbitration Rules of the American Arbitration Association, on or about March 19, 2015, the American Arbitration Association appointed Gerald Saltarelli, Esq. as Arbitrator.

13.     On or about April 3, 2015, Hyatt filed a Reply to Respondents' Counter-Demand.

14.     On or about April 27, 2015, Respondents filed their First Amended Answer and Counter-Demand to Hyatt's Demand for Arbitration.

15.     On August 14, 2015, the American Arbitration Association notified the parties that a hearing would be held on February 15-18, 2016 and February 22-26, 2016.

16. Pursuant to the August 14, 2015 Notice of Hearing issued by the American Arbitration Association, an in-person, evidentiary arbitration hearing was held before Arbitrator Saltarelli on February 15-18 and February 22-26, 2016, in Chicago, Illinois.

17. On February 29, 2016, the American Arbitration Association notified the parties that the hearing would be continued on March 14-16, 2016.

18. Pursuant to the February 29, 2016 Notice of Continued Hearing issued by the American Arbitration Association, the in-person, evidentiary arbitration hearing continued before Arbitrator Saltarelli on March 14-15, 2016, in Chicago, Illinois.

19. On June 8, 2016, after the submission of post-hearing briefs, the Arbitrator issued an Interim Award. The Interim Award found in favor of Hyatt and against Respondents on Hyatt's Demand, and awarded Hyatt damages in the amount of $7,727,646 against Respondents Shen Zhen and Shen Zhen Investment, jointly and severally. The Interim Award also found in favor of Hyatt, and against Respondents, on Respondents' Counter-Demand. A true and correct copy of the Interim Award is annexed hereto as Exhibit C and incorporated herein by reference.

20. In addition, the Interim Award concluded that Hyatt was the "prevailing party" under the terms of the Franchise Agreement, which provided (in Section 14.4) as follows:

> If either party initiates a formal legal proceeding under or relating to this Agreement, the non-prevailing party in that proceeding (as determined by the judge or arbitrator, as applicable) must reimburse the prevailing party for all of the prevailing party's costs and expenses that it incurs, including reasonable accounting, attorneys', arbitrators', and related fees.

21. The Interim award gave Hyatt twenty (20) days from the service of the Interim Award to submit a request for attorneys' fees and costs.

22. On June 28, 2016, Hyatt submitted a Motion for Attorneys' Fees and Costs. Respondents submitted their Opposition to that Motion on July 26, 2016.

23. On August 24, 2016, the Arbitrator issued a Final Award. The Final Award incorporates the relief set forth in the Interim Award and, in addition, awards Hyatt $1,324,546.36 in attorneys' fees and costs against Shen Zhen and Shen Zhen Investment, jointly and severally. The Final Award provides that, commencing on the issuance of the Final Award, post-award interest shall accrue on any unpaid amounts due under the Final Award at the rate of .56% per annum. A true and correct copy of the Final Award is annexed hereto as Exhibit D and incorporated herein by reference.

## Confirmation of the Award

24. Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, provides that at any time within one year after an arbitration award is made, any party to the arbitration may apply for an order confirming the arbitration award. Section 9 further provides that unless the arbitration award has been vacated, modified or corrected as prescribed in Sections 10 and 11 of the Federal Arbitration Act, 9 U.S.C. §§ 10 & 11, the Court must grant an order confirming the award.

25. This application is timely made in that the Final Award was issued less than one year ago, on August 24, 2016. Further, the Final Award has not been vacated, modified or corrected.

26. No previous application has been made for the relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Hyatt respectfully requests that this Court confirm the arbitration award rendered by Arbitrator Saltarelli and enter judgment thereon, as follows:

A. Judgment in favor of Hyatt Franchising, L.L.C., and against Respondents Shen Zhen New World I, LLC and Shen Zhen New World Investment (USA) Inc., jointly and severally, in the amount of $9,052,192.36 plus post-award interest at the rate of .56% per annum

from the date of entry of the Final Award, with interest continuing to accrue on the full amount thereof at the rate specified by the Court from the date of the entry of Judgment; and

  B. such other relief as the Court deems just and proper.

                 **HYATT FRANCHISING L.L.C.,**

            By: s/ Norman M. Leon
                One of its attorneys

Norman M. Leon (ARDC# 6239480)
John A. Hughes (ARDC # 6275159)
**DLA Piper LLP (US)**
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
(312) 368-2192

*Attorneys for Petitioner*
Hyatt Franchising, L.L.C.