IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HYATT FRANCHISING, L.L.C., | ) | |
| | ) | |
| Petitioner, | ) | No. 16 C 8306 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| SHEN ZHEN NEW WORLD I, LLC, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Hyatt filed this action to confirm an arbitration award against Defendant Shen Zhen, and less than two hours later, Shen Zhen filed an action to vacate the same award in the Central District of California. Shen Zhen brings this Motion To Dismiss, Stay Or Transfer Action As Duplicative Or, Alternatively, To Transfer Venue Pursuant to 28 U.S.C. § 1404(a). (Dkt. 22.)[1] For the reasons stated below, Shen Zhen's motion is denied.

**I.  BACKGROUND**

Hyatt is a limited liability company with its principal place of business in Chicago, Illinois. (Dkt. 19 at ¶ 2.) Shen Zhen New World I, LLC ("Shen Zhen") is a California limited liability company with its principal place of business in California, and Shen Zhen New World Investment (USA) Inc., is its corporate parent.

Hyatt and its Affiliates are engaged in the business of operating and granting franchises to establish and operate hotels. (*Id.*) On September 24, 2012, Hyatt entered into a written Hyatt

---

[1] Defendants are to contact the courtroom deputy by 1/31/2017 as to whether they will file a supplemental response to Hyatt's Motion to Confirm or whether Defendants' Petition to Vacate will stand as their response.

1

Hotel Franchise Agreement (the "Franchise Agreement") with Shen Zhen New World I, LLC pursuant to which Hyatt granted Shen Zhen a franchise to convert the hotel located at 333 South Figueroa Street, in Los Angeles, California into, and later operate it as, a Hyatt Regency® hotel. (Dkt. 6 at ¶ 7.) Shen Zhen's parent, Shen Zhen New World Investment (USA) Inc., executed a Guaranty and Assumption of Obligations, under which it agreed, among other things, to be liable for any breach of, and bound by, each and every provision in the Franchise Agreement, including, and without limitation, the arbitration agreement.

The Franchise Agreement includes an arbitration clause that states "[a]ll matters relating to arbitration will be governed by the Federal Arbitration Act (9 U.S.C. Sections 1 et seq.) and not by any state arbitration law." (Franchise Agreement, § 14.1.) The parties also consented to jurisdiction "in the state or federal court of general jurisdiction closest to Hyatt's then current principal business address, and Franchisee (and each owner) irrevocably submits to the jurisdiction of those courts and waives any objection Franchisee (or the Owner) might have to either the jurisdiction of or venue in those courts." (Franchise Agreement, § 14.3.)

On August 31, 2014, Hyatt terminated the Franchise Agreement after several alleged breaches by Shen Zhen. On December 23, 2014, Hyatt filed a Demand for Arbitration with the Chicago, Illinois office of the American Arbitration Association. (Dkt. 6 at ¶ 10.) The parties participated in an in-person evidentiary arbitration hearing, in Chicago, before Arbitrator Gerald Saltarelli on February 15-18, February 22-26, and March 14-16, 2016. (Dkt. 6 at ¶¶ 16, 18.) After the parties submitted post-hearing briefs, the Arbitrator issued a 51-page Interim Award that found in favor of Hyatt and against Shen Zhen and its parent company, jointly and severally, and awarded Hyatt $7,727,646. *Id.* Additionally, because the Franchise Agreement provided that the "non-prevailing party" in any arbitration proceeding "must reimburse the prevailing

party for all of the prevailing party's costs and expenses … including reasonable accounting, attorneys', arbitrators' and related fees" (Franchise Agreement § 14.4), the Interim Award gave Hyatt twenty (20) days from the date on which the Interim Award was served to submit a request for fees and costs. On August 24, 2016, the Arbitrator issued a Final Award, incorporating the Interim Award, and also awarding Hyatt $1,324,546.36 in attorneys' fees and costs along with post-award interest at 0.56% per annum.

The same morning that the Final Award was issued, on August 24, Hyatt filed a Petition to Confirm the Arbitration Award in this Court at 11:47 a.m., Central Standard Time. (Dkt. 6.) At 1:33 p.m. Central Standard Time, Shen Zhen filed its Petition to Vacate the Arbitration Award in the United States District Court for the Central District of California. *See Shen Zhen New World I, LLC v. Hyatt Franchising LLC*, Case No. 2:16-06350-JFW-AS.

On September 15, 2016, Hyatt filed a motion requesting the Central District of California stay all proceedings until Hyatt's Motion to Confirm is resolved in this Court, and on October 12, 2016, the California District Court granted Hyatt's motion staying the proceedings until: (1) Hyatt's Motion to Confirm the Arbitration Award is resolved, or (2) this Court determines that the Central District of California is not the proper forum to resolve the parties' disputes.[2] (Dkt. 26-1, Exhibit A.) In the meantime, on October 6, 2016, Shen Zhen filed the instant Motion to Dismiss, Stay or Transfer the Action as Duplicative, or, Alternatively, to Transfer Venue ("Motion to Dismiss, Stay, or Transfer") Pursuant to 28 U.S.C. § 1404(a).

**II.     Legal Standard**

"The moving party bears the burden of demonstrating that a transfer is warranted." *A. and P. Corp. v. American Healthcare Capital, Inc.,* No. 14 C 1905, 2015 WL 738694, at *2

---

[2] The Central District of California based its opinion on the first-filed rule: "Because the Illinois proceeding was the first-filed action, this Court concludes that the Illinois court should first address any disputes over the proper forum." (Dkt. 26, Ex. A.)

3

(N.D. Ill. Feb. 19, 2015) (citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir.1989).) The Supreme Court directs that section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to [a] '… case-by-case consideration of convenience and fairness." *Research v. Automation, Inc. v. Schrader-Bridgeport Intern., Inc.,* 626 F.3d 973, 977 (7th Cir. 2010) (citing *Stewart Organization, Inc. v. Richoh Corp.*, 487 U.S. 22, 29 (1988)) (internal quotations omitted). Under section 28 U.S.C. § 1404(a), a court may transfer any civil action for the convenience of the parties and the witnesses, and the interests of justice.

The Court will first address the parties' disputes over the impact of the first-filed rule and the forum-selection clause in the Franchise Agreement before addressing the rest of the Section 1404 analysis.

### III. The First-Filed Rule

The parties dispute the implications of the first-filed rule. Shen Zhen points out that the rule is not dispositive, and further argues that Hyatt did not, in fact, file first.

Shen Zhen is correct in its first argument, the rule is not dispositive. The sequence of filing is one of the multiple factors to be considered in reviewing a motion to transfer venue under 28 U.S.C. § 1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (Congress intended a "flexible and individualized analysis" of motions to transfer.); *see also Research Automation, Inc.*, 626 F.3d at 980 ("[T]he first-filed case may proceed where the principles that govern requests for transfer do not indicate otherwise.") The Ninth Circuit gives more weight to first-filed status, but joins the Seventh Circuit in declining to strictly apply the rule. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (noting that "this 'first to file' rule is not a rigid or inflexible rule to be mechanically applied."). Therefore, even if the

4

first-filed rule is not dispositive, in either jurisdiction it is a fact that weighs in Hyatt's favor in the Section 1404 analysis.

Shen Zhen's second argument is not persuasive. Shen Zhen asserts that Hyatt should not receive first-filed status because it did not properly serve Shen Zhen under California statutory provisions regarding service of process. The first-filed rule concerns the chronology of the filing, not the chronology of service. *See Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (the court's first consideration is the chronology of the filing.)[3] Hyatt, therefore, achieved first-file status, and this is a fact that weighs in Hyatt's favor in the overall Section 1404 analysis.

IV.     **Forum-selection Clause**

A determination that the forum-selection clause in the Franchise Agreement is valid impacts the Section 1404 analysis because the Court then need only consider whether transfer is in the interest of justice, and need not consider the convenience to the parties and witnesses. *See Atlantic Marine Constr. Co., Inc. v. U.S. District Court for the W. Dist. Of Tex.,* 134 S. Ct. 568, 582 (2013) (when the parties' contract contains a valid forum-selection clause, the convenience

---

[3] Shen Zhen contends throughout its briefing that service *still* has not been properly made. Hyatt served Shen Zhen's counsel, Bruce Cohen. (Dkt. 26, Exhibit 2, Hughes Declaration.) Serving a party's representative is sufficient under the Commercial Arbitration Association Rule 43, which the parties agreed to abide by in the Franchise Agreement. (Franchise Agreement § 14.1.) But even under California law, service was sufficient. Hyatt's process server went to Shen Zhen's address and asked Ms. Laura Castellon, a Human Resources Manager, for Qiwei Tiffany Huang, Shen Zhen's registered agent. (Dkt. 26, Exhibit C, Declaration of Mario Lopez). Castellon told the process server that Huang was not in the office, but that Castellon was also authorized to accept service of legal documents on behalf of Shen Zhen, and so Mr. Lopez left the court papers with her. Service of process has been deemed proper in California under similar circumstances. *See Zahn v. T.B. Penick & Sons, Inc.*, No. 11-1322, 2011 WL 5118751, at *3 (S.D. Cal. Oct. 27, 2011) (when it was unclear whether an employee based on the parties' declarations whether an employee possessed actual authority to accept service, service was binding because the employee "possessed ostensible authority to accept process."). Hyatt also points out that Shen Zhen never disputes that it received notice of the action, and further undermining Shen Zhen's argument that Hyatt did not comply with California statutory provisions regarding service of process. *See Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 313 (1998) (statutory provisions should be "liberally construed to effectuate service and uphold jurisdiction of the court if actual notice has been received by the defendant.").

5

factors "weigh entirely in favor of the preselected forum"); *see also Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (By virtue of a forum-selection clause, a party "waived the right to assert its own inconvenience as a reason to transfer the case."); *see also Northwestern Nat'l Insurance Co., v. Donovan*, 916 F.2d 372, 376 (7th Cir. 1990) ("signing of a valid forum selection clause is a waiver of the right to move for a change of venue on the ground of inconvenience to the moving party.") (citing *Heller*, 883 F.2d at 1293.)

The forum-selection clause in the Franchise Agreement is unambiguous: the parties expressly consented to Illinois, the location of Hyatt's principal place of business, as the jurisdiction for all actions related to the parties' arbitration. (Franchise Agreement at § 14.3.) Further, the parties agreed that all matters relating to arbitration are governed by the Federal Arbitration Act ("FAA"), and the FAA "respects and enforces valid forum-selection provisions applicable to post-arbitration proceedings." (Dkt. 22 at 8; Dkt. 26 at 7.) The FAA further provides that the right to apply for confirmation to "the United States court in and for the district within which such award was made." 9 U.S.C. § 9.

Shen Zhen argues that the forum-selection clause is invalid under the California Franchise Relations Act ("CFRA"), which provides that California is the mandatory venue for any litigation relating to a California franchisee. Shen Zhen relies on *Jones v. GNC Franchising, Inc*., in which the Ninth Circuit affirmed a district court's holding that an exclusive forum-selection provision was invalid because it offended California's public policy to protect local franchises. 211 F.3d 495 (9th Cir. 2000). *Jones* is distinguishable. In *Jones*, the parties were not in post-arbitration proceedings, and the court made no mention of a governing law provision. In relying on *Jones*, Shen Zhen asks the Court to read the forum-selection clause in a vacuum,

6

without respect to the entire Franchise Agreement.[4] *See APS Express, Inc., v. Sears Holding Corp., et al.*, No. 15-03275, 2015 WL 6407762 at *2 (N.D. Ill. Oct. 20, 2015) (citing *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1038 (7th Cir.1998)) ("Contested language in a contract should not be looked at in isolation; rather the contract should be examined as a whole.") Given that the parties agreed that the FAA, and not California law, applies to any matters relating to arbitration, the forum-selection clause is valid.

### V. 28 U.S.C. § 1404(a) Factors – The Interests of Justice

Because the parties agreed to an Illinois forum, the Court now considers whether transfer is in the interests of justice by weighing the "speed to trial" or court congestion, the districts' familiarity with applicable law, and the relationship of the communities to the litigation. *See First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902 (N.D. Ill. 2010).

*Court Congestion*

For the first factor, Shen Zhen points out that the court congestion statistics weigh in favor of transfer because the Northern District of Illinois has a heavier docket than the Central District of California. (Dkt. 22 at 13.) The Court does not contest these statistics, but the factor still does not clearly weigh in favor of transfer. As Hyatt points out, this action does not require revisiting the merits of the underlying arbitration, and therefore the effect of the case on the docket is minimal. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 269 (7th Cir. 2006) (district courts during confirmation proceedings are not engaged in the "judicial review of arbitration awards under the Federal Arbitration Act.")

*Familiarity with the Applicable Law*

---

[4] The parties also dispute whether the FAA preempts the CFRA. The Court does not need to address this issue because it is satisfied that the FAA applies under the governing law provision of the Franchise Agreement, and validates the forum-selection clause. But, even without this conclusion, the Section 1404 analysis weighs against transfer.

7

Shen Zhen intends to litigate the validity of the liquidated damages clause in the Franchise Agreement under California Franchise Investment Law. Hyatt asserts that only the FAA will apply to the post-arbitration proceedings. Given that the Franchise Agreement expressly states that matters relating to the arbitration are governed by the FAA, it is unlikely that familiarity with California law will be necessary. *See, e.g., Renard v. Ameriprise Fin. Servs., Inc.*, 778 F.3d 563, 566 (7th Cir. 2015) (holding the district court was correct to review an arbitration award under the FAA, and that the FAA preempted state law arbitration rules). Should California law ultimately apply, the Court is equipped for the task. *See Peterson v. U.S. Steel Corp.*, 624 F. Supp. 44, 46 (N.D. Ill. 1985) ("federal district courts must often undertake the task of deciding foreign law" and "familiarity with state law does not weigh heavily in consideration of a motion to transfer."). At this stage, however, without the benefit of Shen Zhen's further briefing on Hyatt's confirmation motion, it is too early to make an exact determination on what law will come into play. Nevertheless, Shen Zhen has not met its burden in demonstrating that the Central District of California's familiarity with the applicable law clearly weighs in favor of transfer.

*Relationship of the Communities to the Litigation*

Both forums have localized interests in the litigation, and therefore this is ultimately another neutral factor. Shen Zhen is correct in its assertion that California has an interest in protecting franchisee located in California. (Dkt. 22 at 14.) Nevertheless, the public interests in the outcome of the dispute are not confined to California's local interest because Hyatt is in the business of marketing and franchising nationally. *See Lafleur v. Dollar Tree Stores, Inc.*, No. 1:11 CV 8473, 2012 WL 2280090, at *7 (N.D. Ill. June 18, 2012) (when a defendant company

8

sold and marketed a product nationally, there was "no compelling community interest that would be preserved by the selection of one venue over another.") (quoting *Varamillo v. Dine Equity, Inc.*, 644 F. Supp. 2d 908, 917 (N.D. Ill. 2009)); *see also Aliano v. Quaker Oats Co.*, No. 16 C 3087, 2017 WL 56638, at *3 (N.D. Ill. Jan. 4, 2017) (finding no compelling community interest when defendant sold its product nationwide.) Also, while California has an interest in protecting California franchisees, there is an Illinois community interest in an action that concerns an arbitration award issued in Illinois that impacts a company headquartered in Illinois. (Dkt. 26 at 9.)

Taken together, these factors are insufficient to warrant transfer in the interests of justice. The Court may end its analysis here in light of the parties' forum-selection clause, but given the parties' dispute over the validity of the clause, for the sake of completeness the Court will now analyze the convenience factors.

**VI.     28 U.S.C. § 1404(a) Factors – Convenience to Parties and Witnesses**

The following factors determine the convenience to the parties and witnesses: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of witnesses. *Research Automation, Inc.,* 626 F.3d at 979. And, the movant must establish that the suggested venue is "clearly more convenient." *Robert Tankaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 839 (N.D. Ill. 2009); *see also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir.1986).

*Plaintiff's Choice of Forum*

Typically, a court gives weight to a plaintiff's choice of forum, but here, Hyatt's choice "loses its significance entirely" when "the case involves two identical suits in distinct venues." *Research Automation Inc.*, 626 F.3d at 980. The factor, therefore, does not weigh in favor of either party.

*Situs of Material Events*

Next, the court must evaluate whether a lawsuit has any material relationship to the district in which it is brought. *See Research Automation Inc.*, 626 F.3d at 978. Here, both venues have material relationships to the events. Los Angeles is the site of the subject hotel. Also, Shen Zhen was to perform its duties under the Franchise Agreement and allegedly breached those duties in Los Angeles. In Illinois, Hyatt felt the alleged breach of the Franchise Agreement, and terminated the agreement here. Illinois is also the site of the material events relating to the arbitration: the Arbitration Award was made in Illinois after an evidentiary hearing that occurred in Illinois by an Illinois-based arbitrator.

Shen Zhen unsuccessfully attempts to tie the material events in the arbitration proceedings to Los Angeles. Specifically, Shen Zhen's attorney, Lynn Cadwalader was with a California office of Holland & Knight when she represented Shen Zhen during the franchising deal with Hyatt. (Dkt. 20-4, ¶¶ 32-41.) Ms. Cadwalader subsequently joined a California office of DLA Piper, Hyatt's arbitration counsel. (*Id.* at ¶ 62.) During the arbitration, Shen Zhen twice sought to subpoena Ms. Cadwalader and also to disqualify DLA Piper because of Ms. Cadwalader's former representation. The Arbitrator decided in favor of Hyatt on these issues. (*Id.* at ¶ 76.) But none of this implicates Los Angeles as the situs of material events relating to the arbitration. If the injury was the arbitrator's failure to disqualify DLA Piper, then that injury

occurred in Illinois, not in California. If the injury Shen Zhen alleges is one of malpractice, as Shen Zhen seems to suggest in arguing that "the injury caused by her conduct was felt in Los Angeles," then that injury is seemingly subject to a distinct malpractice suit, and the Court agrees it is not the proper venue for that issue. Because material events in the underlying suit occurred in Los Angeles and in Chicago, Shen Zhen has not tipped the scales in its favor with this factor. *See In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008) (venue may be proper in more than one district, and the fact that a substantial part of the events also may have occurred elsewhere does not prevent venue from being proper in another district.)

*Convenience to the Parties*

The convenience to the parties and witnesses also are not factors that clearly weigh in favor of transfer. With regard to the convenience to the parties, Shen Zhen managed to participate in multiple days of evidentiary hearings in the arbitration proceedings in Illinois. Perhaps California would be more convenient for Shen Zhen to litigate the post-arbitration issues. However, Hyatt argues that California would be an inconvenient forum, and Shen Zhen cannot merely shift inconvenience from one party to another in support of its motion. *See Vandeveld v. Christoph*, 877 F. Supp. 1160, 1169 (N.D. Ill. 1995).

*Convenience of Witnesses*

Shen Zhen's only argument for the convenience of witnesses is that its former attorney, Ms. Cadwalader, "is one potential witness who may not be amenable to service of process *except* in California." (Dkt. 22 at 12) (emphasis in original). Ms. Caldawlader is not a party to these proceedings. And, it is unlikely, given the discussion *supra*, that Shen Zhen will need to call Ms. Cadawalder as a witness. Even if this factor tipped in Shen Zhen's favor, it is the only factor that does so. In giving careful consideration to each factor, Shen Zhen has not proven that

convenience clearly favors the Central District of California.

## CONCLUSION

Shen Zhen has not met its burden in demonstrating that transfer is warranted under Section 1404. Shen Zhen's Motion To Dismiss, Stay Or Transfer Action As Duplicative Or, Alternatively, To Transfer Venue Pursuant to 28 U.S.C. § 1404(a), is denied. (Dkt. 22.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 1/26/2017